UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Arthur John Laundry,　　　　　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　No. 2:18-cv-22
-v-　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　HONORABLE PAUL L. MALONEY
Jack Kowalski,　　　　　　　　　　　)
　　　　Respondent.　　　　　　　　　)
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 22, 2018, Petitioner Arthur Laundry filed a Petition under 28 U.S.C. § 2254, seeking relief from his state conviction, resulting from his guilty plea to a charge of third-degree criminal sexual conduct. (ECF No. 1.) He then filed a supplement. (ECF No. 3.)

The Magistrate Judge performed an initial screening and determined that Laundry's petition is time-barred, and that he had not satisfied either equitable tolling or actual innocence. An R & R issued to that effect. (ECF No. 11.)

Now before the Court is Petitioner's objection to the R & R. A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure

to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Here, the magistrate judge accurately recounted the state court procedural history and concluded that Petitioner had one year from August 25, 2014 to file his habeas petition or otherwise toll the running of the statute of limitations after he had exhausted his direct appeals. Petitioner did toll the statute of limitation by filing a motion for relief from the judgment in state court on June 25, 2014. That motion was then denied on April 28, 2015, and the Michigan Court of Appeals denied leave to appeal on March 22, 2016, as did the Michigan Supreme Court on December 28, 2016. Accordingly, Petitioner's statute of limitations began to run on December 28, 2016 and expired one year later.

In his objections, Laundry acknowledges that his petition is untimely but argues for equitable tolling.

A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).

Specifically, a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

The gist of Plaintiff's argument for equitable tolling is that he relies solely on the Michigan Department of Corrections for assistance in his legal matters, and that prison transfers in 2017 rendered him unable to meet his December 28, 2017 deadline.

Laundry says that he first contacted the legal writing program at Parnall Correctional Facility on April 6, 2017. He says that "[f]rom the time he first talked to his legal writer" at Parnall until he was transferred on November 22, 2017, he was working with the legal writer to "determine if it was appropriate for him to file a second state court collateral attack." After he was transferred, Laundry says that his new facility did not have a legal writing program available, and that he eventually got another prisoner to prepare his petition.

Petitioner has not met his burden to establish equitable tolling. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, based

on the cases cited, the fact that Petitioner was twice transferred to different facilities in 2017 does not warrant equitable tolling, nor does the fact that he spent the better portion of the year considering whether or not to file a second motion for relief from the judgment in state court.

Accordingly, Petitioner cannot meet the exception to the statute of limitations for petitions under § 2254. Therefore, the Court **OVERRULES** Petitioner's objections (ECF No. 12) and **ADOPTS** the Magistrate Judge's Report and Recommendation as the Opinion of the Court. (ECF No. 11.) The Petition (ECF No. 1) is **DENIED.** The Court will enter judgment separately.

**IT IS SO ORDERED.**

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating

that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

Date:  March 25, 2019                                                    /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge